IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KELVIN FRAZIER,

    Plaintiff,

v.                                        CASE NO. 1:18-cv-186-MW-GRJ

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

**AMENDED REPORT AND RECOMMENDATION**

Plaintiff, an inmate in the custody of the Florida Department of Corrections at Mayo Correctional Institution (Mayo CI), initiated this case by filing a prisoner grievance form, docketed as "Motion for Miscellaneous Relief, Specifically to Prevent Murder, Killing, Death, Torture." ECF No. 1. Plaintiff did not pay the $400.00 filing fee, nor did he file a motion for leave to proceed as a pauper. The Court will not require Plaintiff to correct these deficiencies, however, because this case is due to be dismissed pursuant to the three-strikes bar under 28 U.S.C. § 1915(g).

Plaintiff is subject to the three-strikes bar because he has had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be

1

granted: (1) *Frazier v. Moore*, 3:03-cv-08-RH (N.D. Fla. June 5, 2003); (2) *Frazier v. Buss*, 4:11-cv-98-SPM-WCS (N.D. Fla. July 15, 2011); (3) *Frazier v. Adams*, 2:12-cv-14220-JEM (S.D. Fla. Aug. 15, 2012). Additionally, Plaintiff conceded he was a three-striker in a prior case before this Court, however, the defendants in that case paid the filing fee upon removal of the case to federal court. *See Frazier v. Jones*, 4:16-cv-281-MW-GRJ (N.D. Fla. Oct. 28, 2016).

Finally, at least one court in this District summarily dismissed without prejudice a lawsuit Plaintiff filed after finding that Plaintiff was barred from proceeding as a pauper under § 1915(g) and failed to pay the filing fee at the time he initiated suit. *See Frazier v. Bowman*, 3:13-cv-10-LAC-EMT (N.D. Fla. Feb. 15, 2013). This Court has confirmed that the inmate identification number of the plaintiff in the previous cases is the same as Plaintiff's inmate identification number in this case: 099699. Plaintiff is therefore barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not

2

sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Vague allegations of harm and unspecific references to injury are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Although in the grievance form Plaintiff mentions "imminent danger" and preventing "murder, killing, death, torture, [and] torment," he does not, however, identify a threat that is ongoing or likely to result in imminent serious physical injury. ECF No. 1 at 2. After the Court entered its Report and Recommendation recommending dismissal of this action pursuant to

3

§ 1915(g), Plaintiff filed a "general affidavit" asserting various allegations of imminent danger. ECF No. 6. Appropriately, the district judge referred the matter back to the undersigned to issue an amended report and recommendation after considering the allegations set forth in the affidavit. ECF No. 7.

Upon review of the affidavit, together with the grievance, the Court concludes that Plaintiff fails to establish he is under imminent danger of serious physical injury. In the affidavit, Plaintiff complains that he and 450 other inmates are forced to drink contaminated water at Mayo CI, which has caused the inmates to suffer from headaches, sore throat, chest pain, stomach pain, kidney pain, side pain, fever, diarrhea, and infection. ECF No. 6 at 2. Notably, however, Plaintiff provides no details regarding the circumstances under which he is "forced" to drink the contaminated water, or what, if any, of the alleged physical side effects he has personally suffered. The allegations are too vague and generalized to demonstrate that Plaintiff (as opposed to others) is under imminent danger of serious physical injury.

Plaintiff further alleges he was given a "Dr. Report" in retaliation for filing grievances regarding the prison conditions at Mayo CI, and that he was encouraged by prison officials to cease filing grievances about the

4

conditions at the unit. *Id.* at 3. He states he is now subject to false imprisonment and confinement and that he is separated from his legal property. This does not establish imminent danger of serious physical injury.

Given that the PLRA was enacted to "curtail abusive prisoner litigation," *see Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), Plaintiff's allegations do not satisfy the dictates of § 1915(g). Accordingly, the Court concludes that the three-strikes provision of § 1915(g) bars Plaintiff from bringing this case as a pauper.

A prisoner who is no longer entitled to proceed as a pauper must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree*, 284 F.3d at 1236. Plaintiff did not pay the filing fee at the time he initiated this suit. This case is therefore due to be dismissed.

It is respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to the three-strikes bar under 28 U.S.C § 1915(g).

**IN CHAMBERS** this 26th day of September 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

5

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**